Paul M. Hilkert - 028934
Jonathan C. Simon – 029750
**LANE & NACH, P.C.**
2001 East Campbell Avenue, Suite 103
Phoenix, AZ 85016
Telephone No.: (602) 258-6000
Facsimile No.: (602) 258-6003
Email: paul.hilkert@lane-nach.com
Email: jonathan.simon@lane-nach.com

*Attorneys for Constntino Flores, Trustee*

**IN THE UNITED STATES BANKRUPTCY COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| In re:<br><br>JULIE CHRISTINA YBARRA,<br><br>Debtor. | (Chapter 7 Case)<br><br>Case No. 2:15-bk-14391-BKM<br><br>**STIPULATED APPLICATION TO COMPROMISE CLAIMS AGAINST DAVID AND LYNNE YBARRA**<br><br>**[F.R.B.P. 9019]** |

Constantino Flores, Chapter 7 Trustee of the Estate of Julie Christina Ybarra ("**Trustee**"), and David A. Ybarra ("**Mr. Ybarra**") and Lynne M. Ybarra (together "**Mr. and Mrs. Ybarra**"), by and through their attorneys undersigned (collectively "**Parties**"), herein apply to this Court for an Order authorizing Trustee to compromise claims of the Estate. In support of this Stipulated Application, the Parties present the following Memorandum of Points and Authorities.

**MEMORANDUM OF POINTS AND AUTHORITIES**

I. FACTUAL BACKGROUND

1. On or about November 10, 2015, Julie C. Ybarra ("**Julie**") filed a voluntary petition under Chapter 7 of Title 11, United States Code ("**Petition Date**").

2. Trustee is the duly qualified and acting Trustee in Julie's Chapter 7 case.

3. On or about May 27, 2015, in Maricopa County Superior Court case number FC2015-091532, the Superior Court judge entered a Consent Decree of Dissolution of Marriage with Children ("**Consent Decree**") which dissolved the marriage between Julie and Mr. Ybarra.

4. Pursuant to the Consent Decree, Mr. Ybarra agreed to pay Julie the sum of $27,000.00 through monthly payments of no less than $1,200.00.

5. Pursuant to Julie's Statement of Financial Affairs as amended, she has received monthly Property Settlement Payments in the amount of $8,750.00, leaving a remaining outstanding balance due and owing in the amount of $18,250.00 ("**Property Settlement**"). Pursuant to a stipulation between Julie and Trustee, the Property Settlement is non-exempt property of Julie's Chapter 7 Estate [See DE 27].

6. The Consent Decree also provided that Julie was to transfer her interest in the real property located at 5521 South Big Horn Place, Chandler, AZ 85249 ("**Real Property**") to Mr. Ybarra at such time when Mr. Ybarra refinanced the loan secured by the Real Property into his name.

7. On the Petition Date, Mr. Ybarra had not yet refinanced the loan against the Real Property, so the Real Property remained titled in the name of Julie and Mr. Ybarra, and became property of Julie's bankruptcy estate.

8. Based upon the foregoing, Trustee asserts that on the Petition Date, the Real Property was held by Julie and Mr. Ybarra as tenants in common with each possessing an undivided one-half interest.

9. Pursuant to Debtor's originally filed Schedule A, the Real Property has equity in the approximate amount of $120,342.00 [DE 1, p. 8].

10. Among the assets of this Estate is (i) a claim against Mr. and Mrs. Ybarra for, *inter alia*, turnover of the remaining balance due and owing on the Property Settlement in the amount of $18,250.00 pursuant to 11 U.S.C. § 542 and (ii) Julie's undivided fifty percent (50.0%) interest in the Real Property (collectively "**Claims**").

11. On or about October 12, 2016, Trustee filed a Complaint against Mr. and Mrs. Ybarra relating to the Claims, assigned Adversary Proceeding No. 2:16-ap-00496-BKM ("**Adversary Proceeding**").

12. On or about November 15, 2016, Mr. and Mrs. Ybarra filed a voluntary petition for relief under Chapter 13 of Title 11, United States Code, assigned case no. 2:16-bk-13064-MCW.

13. On or about December 5, 2017, Trustee filed a Motion for Relief From the Automatic Stay ("**MFR**") seeking to pursue the Claims against Mr. and Mrs. Ybarra.

14. Mr. and Mrs. Ybarra dispute the amounts due and owing to the Trustee under the Consent Decree and dispute the Estate's interest in the Real Property.

## II. AGREEMENT BETWEEN THE PARTIES

15. Trustee has received an offer from Mr. and Mrs. Ybarra to settle the Claims. Mr. and Mrs. Ybarra agree to pay the Estate the sum of $11,500.00 ("**Settlement Amount**"), as set forth below, in order to settle the Estate's interest in the Claims, subject to Bankruptcy Court approval.

16. Mr. and Mrs. Ybarra agree to remit the Settlement Amount to the Trustee within seventy-five (75) days of the date of this Stipulated Application.

17. Mr. and Mrs. Ybarra assert that the Settlement Amount arises from funds they will borrow against their 401(k), an asset that is fully exempt and not property of their Chapter 13 Estate.

18. Therefore, the Settlement Amount will not need to be paid through the plan and will not affect the potential distribution to creditors being paid through their Chapter 13 plan.

19. Trustee agrees to withdraw the MFR without prejudice to its refiling in the event Mr. and Mrs. Ybarra default in paying the Settlement Amount as set forth above in paragraph 16.

20. Mr. and Mrs. Ybarra agree that the failure to remit the full Settlement Amount to the Trustee within seventy-five (75) days will result in the assessment of a $250.00 late charge, and will further constitute a default under the terms of this Stipulated Application. In the event of default, a ten (10) day default notice ("**Notice**") will be delivered to Mr. and Mrs. Ybarra at the Real Property address and to their attorney at amber@guymonlaw.com. Should Mr. and Mrs. Ybarra fail to cure the default by the close of business on the tenth (10th) calendar day from the date on the Notice, the balance due and owing on the Settlement Amount, along with the late fee, shall be immediately due and owing, and Mr. and Mrs. Ybarra shall be responsible for any costs and attorneys' fees incurred by the Estate, <u>from the date of default</u>, in order to collect the Settlement Amount. Trustee shall also re-file the MFR to pursue the Claims.

21. In the event payment is received by the Trustee prior to the Court entering an Order approving this Stipulated Application, the Trustee may deposit the payment into the Trustee's bank account established for this case.

22. Payment shall be in the form of a check naming as payee "Constantino Flores, Trustee."

23. Upon entry of the Order approving this Stipulated Application and receipt and negotiation of the Settlement Amount, Trustee shall file a Notice of Dismissal of Adversary Proceeding No. 2:16-ap-00496-BKM.

24. Upon receipt of the Settlement Amount, Trustee shall file a Report of Receipt with the Court, and the Parties shall execute the documents necessary to transfer the Estate's interest in the Real Property to Mr. Ybarra.

25. Although Trustee believes he would be successful in litigation in the event he were to seek stay relief, based upon the time, costs, and uncertainty associated with litigation, as well as the uncertainty associated with collection on any judgment, Trustee, in his best business judgment, believes the current settlement will maximize distribution to creditors of the Estate.

III. LEGAL ARGUMENT

The requested relief is authorized by Rule 9019(a) of the Federal Rules of Bankruptcy Procedure which provides as follows:

> On motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement. Notice shall be given to creditors, the United States Trustee, the debtor, the indenture trustee as provided in Rule 2002 and to any other entity as the court may direct.

The Trustee, in the exercise of his best business judgment and in consideration of the requirements of *A & C Properties*, 784 F.2d 1377 (9th Cir. 1986), *In re Woodson*, 839, F.2d 610 (9th Cir. 1988), and *In re Schmitt*, 215 B.R. 417 (9th Cir. BAP 1997), believes that the proposed compromise and settlement is an appropriate resolution of this matter.

Bankruptcy courts have broad discretion in approving compromise agreements. *In re Woodson* 839 F.2d at 620. The Court may approve a compromise if it is fair and equitable. Id. In determining the fairness and adequacy of a proposed compromise agreement, the Court should consider the following four factors: (1) the probability of success in litigation; (2) the difficulties, if any, to be encountered in collection; (3) the complexity of the litigation involved as well as the expense, inconvenience and delay necessarily attendant to the litigation; and (4) the paramount interest of creditors and a proper deference to their reasonable views.

Lane & Nach, P.C.
2001 E. Campbell Ave., #103
Phoenix, AZ 85016

4

Case 2:15-bk-14391-BKM    Doc 40    Filed 12/18/17    Entered 12/18/17 14:43:51    Desc
Main Document    Page 4 of 6

Consideration of these factors does not require the Court to decide questions of law or fact raised in the controversies sought to be settled, or determine that the compromise presented is the best possible outcome. Rather, the Court need only canvass the issues to determine whether the settlement fails "below the lowest point in the zone of reasonableness". *Newman v. Stein*, 464 F.2d 689, 698 (2nd Cir. 1972). cert. denied. 409 U.S. 1039 (1972); see also *In re Pennsylvania Truck Lines, Inc*., 150 B.R. 595, 598 (Bankr. E.D. Pa. 1992) (holding that a bankruptcy court must consider these factors to see whether the settlement falls below the lowest point in the range of reasonableness.) Accordingly, if the court finds the compromise does not fall below the threshold of reasonableness, the compromise should be approved. *In re Planned Protective Services, Inc*., 130 B.R. 94, 99 n.7 (Bankr. C.D. Cal. 1991).

The Trustee believes the proposed settlement is in the best interest of the creditors and parties-in-interest of this Estate. The settlement provides funds for the benefit of creditors of the Estate while avoiding the cost and uncertainty associated with litigation of this matter.

WHEREFORE, the Parties pray for an Order of this Court as follows:

a. Authorizing Constantino Flores, Chapter 7 Trustee, to accept the sum of $11,500.00 pursuant to the terms set forth herein, in order to settle the Estate's interest in the Claims;

b. Authorizing Trustee, upon entry of the Order approving the Stipulated Application and receipt and negotiation of the sum of $11,500.00, to file a Notice of Dismissal of Adversary Proceeding No. 2:16-ap-00496-BKM;

c. Authorizing Trustee, upon receipt and negotiation of the Settlement Amount, to file a Report of Receipt of the Settlement Amount, and execute any documents necessary to transfer the Chapter 7 Estate's interest in the Real Property to Mr. Ybarra; and

d. For such other and further relief as this Court deems just and proper.

RESPECTFULLY SUBMITTED this 18th day of December, 2017.

**LANE & NACH, P.C.**

By: */s/ Jonathan C. Simon – 029750*
    Paul M. Hilkert
    Jonathan C. Simon
    *Attorneys for Trustee*

**THE LAW OFFICE OF AMBER L. GUYMON, PLLC**

By: */s/ Amber L. Guymon (with permission)*
     Amber L. Guymon
     *Attorney for David and Lynne Ybarra*

COPY of the foregoing delivered
via email as follows:

Amber L. Guymon
Law Office of Amber L. Guymon, PLLC
633 E. Ray Rd., Suite 134
Gilbert, AZ 85296
Email: amber@guymonlaw.com
*Attorney for David A. Ybarra and Lynne M. Ybarra*

Andrea Wimmer
Marco Wimmer, PLLC
123 N. Centennial Way #110
Mesa, AZ 85201
Email: awimmer@marcowimmerlaw.com
*Attorney for Julie Ybarra*

Office of U.S. Trustee
230 North First Avenue
Phoenix, AZ 85003
Email: Christopher.J.Pattock@usdoj.gov
Email: ustpregion14.px.ecf@usdoj.gov

By: */s/ Deborah McKernan*